UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BRIAN KAUFFMAN,

                        Plaintiff,

     - against -

MAXIM HEALTHCARE SERVICES, INC.,

                       Defendant.

**MEMORANDUM & ORDER**

CV 04-2869 (TCP) (JO)

----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

     On April 27, 2005, counsel for plaintiff Brian Kauffman ("Kauffman") filed a four-page letter. Most of that letter was devoted to a recitation, from Kauffman's perspective, of the procedural history of this case, with which I am of course already familiar. On the third page of the letter, buried deep within a lengthy paragraph, I discovered the author's ostensible purpose: a request that I compel certain discovery and impose sanctions on the defendant. In regard of the latter request, plaintiff's counsel asserted that he is "mindful of the Court's dissatisfaction with the tenor of some communications herein" but urged me to understand that the similarly intemperate tone of this most recent application is warranted by what counsel characterizes as the defendant's brazen disregard of its obligations and its "demonstratedly prodigious capacity for inflicting more of the same." DE 33 at 4.

     On May 2, counsel for defendant Maxim Health Care Services, Inc. ("Maxim") requested a brief extension of the deadline for filing a response, in part so that he would have time "to complete consultation with our client concerning the response." DE 34. Two days later, having apparently completed that consultation, Maxim's counsel filed a six-page letter, a full two pages

of which was devoted to a thoroughly irrelevant recitation of why, in Maxim's view, Kauffman's assertions on any subject are untrustworthy, which argument is based on Maxim's purported refutation of allegations in the Complaint. After this digression, Maxim's counsel went on to claim that it has provided all responsive records with respect to some discovery requests and that it should not have to make any further production with respect to others. DE 35.

On May 5, 2005, notwithstanding my individual rule prohibiting replies on letter motions, *see* Individual Practice Rules of Magistrate Judge James Orenstein, Rule III.A.1, Kauffman's counsel submitted a further letter objecting to the length of Maxim's response. In particular, counsel correctly noted that my individual rules prohibit letters longer than three pages, exclusive of attachments. *Id*. Rule III.A.3. Counsel asserted (incorrectly) that Kauffman had adhered to the latter rule, and asked me to reject Maxim's letter. Counsel again noted his mindfulness of my dissatisfaction with the attorneys' conduct in this case – an acknowledgment I have come to recognize as a reliable signal of the imminence of similarly objectionable conduct – and went on to insist that his application to strike Maxim's letter was born not of a desire to be petty, but rather of a pure-hearted interest in having "the Court ... enforce its own rules in an evenhanded fashion and thereby ensure [a] level playing field for the parties ...." DE 36.

I had of course noticed the excessive length of the attorneys' respective letters when I received them. Absent Kauffman's most recent submission, I might have been tempted to resolve the parties' dispute on the merits rather than forestall such a resolution out of slavish adherence to the punctilios of my individual practice preferences. But rules are rules, and counsel is well within his rights to insist that I obey them, even if doing so here frustrates their purpose of streamlining the resolution of pretrial disputes.

Accordingly, in an even-handed application of my own individual practice rule, I will reject both Kauffman's letter of April 27, 2005, and Maxim's response of May 4, 2005. As a result there is no dispute properly before me to resolve. Either party is of course free to submit a proper application for relief, but must do so within the constraints of my individual rules – including the requirement of a good-faith attempt to narrow or resolve any dispute without judicial intervention as well as the applicable page limit.

Finally, having already read the letters I now reject, I can provide some guidance to the parties and their counsel against the possibility that they may renew their dispute. Federal Rule of Civil Procedure 37(a)(4) provides for certain sanctions against a party that, without substantial justification, makes or opposes an order to compel discovery. If the motion I now reject is renewed, I will of course resolve it. I will then apply the various provisions of Rule 37(a)(4) as appropriate. If there are some matters as to which I find that Kauffman has baselessly sought to revisit matters on which I have already ruled, and others as to which I find that Maxim has been recalcitrant in providing discovery I have previously compelled, such an even-handed application of the rule may result in sanctions against both parties, or, possibly, the attorneys personally responsible for the unnecessary litigation. I do not intend the preceding to encourage applications for sanctions; instead, I urge counsel to revisit the positions taken in their most recent letters to avoid the need for me to resort to such measures.

For the reasons set forth above, plaintiff Kauffman's letter of April 27, 2005, as well as Maxim's letter of May 4, 2005, are both rejected for non-compliance with Rule III.A.3 of my individual practice rules. As a result, there is no discovery dispute currently before me.

**SO ORDERED.**

Dated: Central Islip, New York
May 6, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge