UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

BRIAN KAUFFMAN,

                Plaintiff,

- against -

MAXIM HEALTHCARE SERVICES, INC.,

                Defendant.

----------------------------------X

MEMORANDUM
AND
ORDER

04-CV-2869 (TCP) (JO)

PLATT, District Judge.

Plaintiff Brian Kauffman ("Plaintiff" or "Kauffman") has filed Objections to a Memorandum and Order issued by United States Magistrate Judge James Orenstein on May 16, 2005 which: (1) denied his application for an order compelling production in response to Plaintiff's Second Document Request No. 5 and (2) restricted to the year 2002 Defendant Maxim Healthcare Services, Inc.'s ("Defendant" or "Maxim") responses to Plaintiff's First Document Request Nos. 16 and 18, and (3) allegedly failed to rule on Plaintiff's application for an order compelling Defendant's responses to Plaintiff's Interrogatory Nos. 16-20.

Plaintiff, a white male, has brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.S. § 1981(a), and the New York State Human Rights Law ("NYHRL") alleging that he was terminated in retaliation for failing to participate in an alleged company policy which sought to minimize or bar the hiring of women and/or non-white employees for recruiters and more senior positions. He does not claim that he suffered discrimination based on his race or gender.

1

Plaintiff's former employer, Maxim, is a privately-held company based in Columbia, Maryland, that provides health care personnel to nursing homes, hospitals, home health care agencies, etc.

The background facts relating to Plaintiff's employment with Maxim, having been expressed in previous opinions by the Magistrate and this Court, are well known to the parties and so need not be repeated in great detail here. It is sufficient to note that Plaintiff was hired by Maxim in April 1999, was promoted to Account Manager of the Hempstead, New York office in July 2000, transferred to a new office in Hamden, Connecticut a year later, and was terminated in October 2002. (Def.'s Resp. to Pl.'s Objections at 5).

Plaintiff has sought various documents, some of which have been previously produced by Maxim, including spreadsheets indicating demographic information concerning the racial and gender composition of its recruiter and management ranks on a nationwide basis for the years 2000-2002. Plaintiff's Second Request No. 5 seeks documents that will supplement the spreadsheets by providing a breakdown of the offices in which those employees worked for the years 1995-2002. Plaintiff further seeks documents under Requests Nos. 16 and 18 for the years June 1, 2000 to October 9, 2002, a request which exceeds Magistrate Orenstein's direction of May 16, 2005 in which Maxim was ordered to produce such documents only for the year 2002. Finally, Plaintiff seeks an Order compelling Maxim to respond to Interrogatory Nos. 16-20, which are closely-related in subject matter to Document Requests Nos. 16 and 18.

(a)(1) Plaintiff's Second Request No. 5

2

Pursuant to an earlier Order by Magistrate Judge Orenstein, Maxim produced spreadsheets containing demographic data on the racial and gender composition of its recruiter and management employees on a nationwide basis for the years 2000-2002. (Bernbach Decl. ¶¶ 2-3). Plaintiff then sought, through Second Request No. 5, documents indicating the offices in which each of the recruiter and management employees had worked for the years 1995-2002. (Id. ¶ 9).

Under the Federal Rules of Civil Procedure, an Order of a magistrate judge may be modified or set aside if "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The Rules also supply magistrates discretion in limiting discovery based on a balancing of the burdens and likely benefits of discovery. Fed. R. Civ. P. 26(b)(2). Given that Maxim articulated the difficulty in producing the materials for Request No. 5 (Def.'s Resp. to Pl.'s Second Req. for Prod. of Docs. at 4-5) while plaintiff, at the time of the Order, had not yet produced any expert submissions indicating the likely benefits of such materials, we find this portion of Magistrate Orenstein's Order neither "clearly erroneous" nor "contrary to law." In light of Plaintiff's subsequent retention of Dr. Rodriquez as an expert indicating the need for geographical statistical analysis, we note that Plaintiff is free to renew his request for these documents, as Magistrate Orenstein's Order denied the original request "without prejudice to renewal if the exchange of expert reports makes the requested material relevant."

(a)(2) Plaintiff's First Document Request Nos. 16 and 18

In Documents Requests Nos. 16 and 18, Plaintiff sought documents related to disciplinary measures by Maxim against managers in circumstances similar to the Plaintiff's for the period of his employment with Maxim. (Bernbach Decl. ¶ 19). In the

3

May 16, 2005 ruling, Magistrate Orenstein ordered Maxim to provide all documents responsive to Document Requests Nos. 16 and 18, but limited the time period of such documents to one calendar year. Although the date on the written Order refers to the year 2003, the parties agree and the facts indicate that the year decided on at conference was 2002. Plaintiff now seeks to have the time frame expanded back to the dates that, according to Plaintiff, were previously agreed upon by the parties of June 1, 2000 to October 9, 2002. (Id. ¶ 20)

Maxim had asserted that it would be burdensome for it to go through the personnel files of each manager for each office. (Savage Letter, May 4, 2005; Savage Letter, May 13, 2005). Nonetheless, Maxim has been ordered to do so for one year of such documents. Plaintiff will have the opportunity to review any responsive results and, if warranted, seek additional discovery based on the information found therein. Given these facts and the governing law noted above, particularly the discretion to balance burdens and likely benefits of discovery, we find that this portion of Magistrate Orenstein's Order was neither "clearly erroneous" nor "contrary to law."

(b) <u>Plaintiff's Interrogatory Nos. 16-20</u>

Plaintiff seeks an Order compelling Maxim to answer these interrogatories, which plaintiff describes as "similarly themed" and "related" to Document Requests Nos. 16 and 18 in that they seek the identity and other employment information of employees disciplined or terminated because of financial performance or because of "several factors" also related to Plaintiff's termination. (Bernbach Letter, May 11, 2005, at 2). However, Plaintiff's application to Magistrate Orenstein prior to the May 16, 2005, conference, which addressed Document Request Nos. 16, 18, and others, failed to

4

formally request an Order for these interrogatories. Accordingly, Plaintiff's motion for such an Order from this court is denied.

The Order of the Magistrate on these issues is adopted and affirmed, and it is SO ORDERED.

_____
Thomas C. Platt
District Judge, United States District Court

Dated: Central Islip, New York
October 4, 2005